PETER C. ANDERSON
UNITED STATES TRUSTEE
Jill M. Sturtevant, State Bar No. 089395
Assistant United States Trustee
Dare Law, State Bar No. 155714
Trial Attorney
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017-5418
(213) 894-4925 telephone
(213) 894-2603 facsimile
dare.law@usdoj.gov

**FILED & ENTERED**

APR 14 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re:

**ARAX BAGDASSARIAN**

　　　　　Debtor.

Case No.: 2:16-bk-12447 NB

Chapter 11

ORDER DISMISSING CASE WITH RESTRICTIONS ON THE COURT'S STATUS CONFERENCE

Date:  April 12, 2016
Time:  1:00 p.m.
Ctrm:  1545
255 E. Temple Street
Los Angeles, CA  90012

　　The Court's Status Conference was heard on the date and time indicated above with appearances stated on the record.  The Court having considered the status of the case and for the reasons set forth on the record, it is hereby

　　ORDERED that the case is dismissed, and it is

　　FURTHER ORDERED that in accordance with 11 U.S.C. §109(g), the Debtor is prohibited from ~~filing another bankruptcy case~~ *being a debtor in bankruptcy* for a period of one hundred and eighty days from the entry of this order, and it is

　　*FURTHER ORDERED that any discharge entered in this case is vacated.  This Court retains jurisdiction to the extent provided by law and, if applicable, on all issues involving sanctions or arising under Bankruptcy Code §§ 110, 329 and 362, and it is*

1

1       FURTHER ORDERED that the United States Trustee is granted a judgment in the amount of six hundred and fifty dollars ($650.00) for quarterly fees due and owing. Quarterly fees are assessed interest pursuant to 31 U.S.C. §3717 if not paid timely.

### #

Date: April 14, 2016

Neil W. Bason
United States Bankruptcy Judge

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, April 12, 2016**                                                                 **Hearing Room    1545**

<u>1:00 PM</u>
**2:16-12447**    **Arax Baghdassarians**                                                      **Chapter 11**

#7.00    Cont'd status conference re: Chapter 11 case
         fr. 3/22/16

                              Docket     11

**Tentative Ruling:**

**Revised Tentative Ruling for 4/12/16:**
Dismiss this case with a bar to refiling under 11 U.S.C. 109(g)(1); *sua sponte* modify the continuance (this morning) of the motion for relief from the automatic stay of creditor SK Vision, LLC so as to be heard concurrently with this Status Conference; and grant that motion including "in rem" relief. <u>Appearances required</u> by counsel for the debtor but telephonic appearances are encouraged <u>if</u> advance arrangements are made (*see* www.cacb.uscourts.gov, "Judges," "Bason, N.", "Instructions/Procedures").

(1) <u>Current issues</u>.
    (a) <u>No cure of issues noted in prior tentative ruling</u>
    The tentative ruling in this case for 3/22/16 (reproduced below) notes the multiple prior bankruptcy cases and the lack of reliable information in the most recent case filed by the debtor's husband ("Husband"), *In re Areg Baghdassarians*, 2:15-bk-22765-NB. The lack of reliable information from Husband is still relevant because the finances of the debtor ("Wife") are intertwined with those of Husband.
    At the hearing on 3/22/16 counsel for Wife (who was also counsel for Husband) professed to be confused about how the prior information had been unreliable. This Court will not attempt to repeat all of the tentative rulings for the status conferences in that case, or the matters raised at those status conferences and other hearings by the U.S. Trustee ("UST") and this Court, but some highlights are as follows:
    <u>9/22/15</u>: Husband did not comply with order requiring status report; he did not file "first day" motions; and the UST raised non-compliance issues involving insurance, bank accounts, etc.
    <u>10/6/15</u>: Husband projected $6,000 monthly income from business without any attachment showing gross receipts, ordinary and necessary business expenses, and resulting net income, and this Court set a deadline of

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, April 12, 2016**                                                                 **Hearing Room   1545**

<u>1:00 PM</u>
**CONT...**     **Arax Baghdassarians**                                                                    **Chapter 11**

10/20/15 for a detailed declaration; he reported no income at all for the prior two years on his SOFA (allegedly an error, but uncorrected); his first MOR was for the partial month postpetition - a fairly substantial 17 days - but he showed no expenditures at all for food etc. without explanation; he listed no vehicle expenses without explanation; and he had yet to file his proposed lien avoidance motions (which implied that he was delaying prosecution of his case).

<u>10/27/15</u>: Husband's declaration provided on the "barest information" about projected income, failed to address apparent inconsistencies with other documents and other issues raised at prior hearings; his MOR due 10/15/15 had not been filed; the UST reported that his accountaing was internally inconsistent, and he had provided incomplete and inadequate information about his alleged work for other contractors (who might or might not be licensed or insured).

<u>11/10/15</u>: Husband still had not provided a breakdown of his alleged $6,000 income per month, or whether his employment was constant or periodic, or other information regarding his alleged work and the contractors for whom he may or may not work; and the UST reported more internal inconsistencies and ever changing numbers and documents.

<u>12/15/15</u>: Husband still had not filed any amended declaration providing a breakdown and other information regarding his alleged $6,000 per income; he still had not filed his MOR for the month ending 10/30/15; and the MORs that he had filed revealed excessive expenditures (greater than his budget, and significantly more than what normally would be expected or permitted).

<u>1/26/16</u>: Husband had not filed his latest MORs (any MORs after the one for the month ending 10/31/15) despite oral directions and a written order (Case No. 2:15-bk-22765-NB, dkt. 46) directing him to stay current; his expenses still were excessive without explanation; he had ignored the provisions in this Court's bar date order (*id.*, dkt. 61) directing him to serve a copy of that order on all parties in interest; and this Court included in the tentative ruling some detailed concerns about the debtor continuing to live in a mansion while not paying creditors (including SK Vision, LLC, which had filed a motion for relief from the automatic stay) including the following:

> [T]his court previously has accepted the debtor's position that, even if he has no equity in his residence, it <u>may</u> be necessary to an effective reorganization (see 11 U.S.C. 362(d)(2)) because, this

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, April 12, 2016**                                                                                           **Hearing Room    1545**

<u>1:00 PM</u>
**CONT...**    **Arax Baghdassarians**                                                                                            **Chapter 11**

court has reasoned, the desire to retain even a fully encumbered home can incentivize a debtor to earn more for creditors. On the other hand, this court questions whether a property now said to be worth over $1.5 million or perhaps $2 million is necessary to an effective reorganization, *at least when it is not being rented out* in whole or in part, given the substantial monthly mortgage payments that would be necessary to retain such property and that might otherwise be used to pay creditors. Put differently, *would unsecured creditors be paid more if the property were not retained and the debtor were required to rent a more modest residence*? Is the subject property truly necessary to an "effective" reorganization (11 U.S.C. 362(d)(2)) when confirmation of any plan will require "good faith" (11 U.S.C. 1129(a)(3)) and, in a cramdown situation, that the plan be "fair and equitable" (11 U.S.C. 1129(b))? [Underlining in original, italics added.]

<u>2/23/16</u>: Husband's expenses continued to be excessive and to bear little resemblanace to his budget motion, which had never been amended to address prior concerns (including the lack of detailed breakdown or support for the alleged $6,000 per month income); the debtor's reporting continued to appear unreliable; the very belated proof of service of this Court's bar date order did not show service on all creditors; and Husband had not addressed this Court's concerns about continuing to reside in a mansion without paying substantially more to unsecured creditors. This Court's tentative ruling was not only to dismiss Husband's chapter 11 case with a 180 day bar to being a debtor in bankruptcy but also to grant SK Vision, LLC "in rem" relief from the automatic stay. At the hearing, however, this Court was persuaded to provide Husband and Wife with one final opportunity for Wife to file a bankruptcy case which she would have the opportunity to prosecute in a manner that did not repeat the problems in Husband's latest bankruptcy case.

<u>2/29/16</u>: Wife filed this voluntary chapter 11 bankruptcy case (Case No. 16-bk-12447-NB).

<u>3/22/16</u>: Wife's bankruptcy case appears to present the same key problems as Husband's case presented:

(a) <u>Unreliable information</u>. Wife's bankruptcy papers do not provide any meaningful information regarding the $6,000 allegedly derived from Husband's work, despite the long history of this Court's attempts to have Husband file a detailed declaration with that information, and the role that the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, April 12, 2016**                                                                                           **Hearing Room    1545**

<u>1:00 PM</u>
**CONT...**       **Arax Baghdassarians**                                                                                               **Chapter 11**

lack of such information played in persuading this Court to dismiss Husband's latest bankruptcy case. At the hearing on 3/22/16 counsel for Wife argued that there was nothing further to report beyond a flat $6,000 per month, because Husband is not a contractor himself but instead is only hired as a project manager by contractors. That is patently inadequate and obstreperous.

At that hearing, as an example, this Court questioned how it could possibly be so that no further detail could be provided by pointing out that Husband must receive a gross amount of payment and then pay taxes (either as an independent contractor or as an employee). That was just one illustration of the type of information that this Court has repeatedly attempted to obtain from Husband but that was never forthcoming in a more detailed declaration. Other examples are: Is his employment constant or periodic? Is it for one contractor or many? Are they licensed or not? Do they carry insurance or not? If not (or if that cannot be determined) then how is the bankruptcy estate protected against potentially enormous losses from customers suing him, either as a project manager of a project that did not turn out as planned or, worse yet, as the person whom customers may believe is their contractor? What specific projects has he managed in the past and how does he extrapolate from that to project future monthly income? How can it be that, in the extremely variable business of contractors in which he presumably manages both large and small contracts, he nevertheless purportedly receives a steady income of roughly $6,000 per month? Where is the detailed breakdown by contractor and by project?

Not only was no such information about Husband's income provided by Wife in her bankruptcy Schedule I, despite the explicit instructions in that form (dkt. 35, Sch.I, line 8a), but this Court once again listed the need for greater information in the tentative ruling for 3/22/16 and reiterated that at the hearing on that day, and yet no further information has been filed since that time. The UST has once again noted the lack of evidence of insurance, closing bank accounts, etc. in its motions for dismiss or convert (Case No. 16-12447, dkt. 24, 30) and has had to require an ongoing compliance stipulation (dkt.49, 51) due to noncompliance with chapter 11 requirements.

As this Court previously observed, obtaining information from Husband in his most recent bankruptcy case was like pulling teeth. Wife has now repeated that pattern.

(b) <u>Wife, Husband and their family living in a mansion with high</u>

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, April 12, 2016**                                                                 **Hearing Room**    **1545**

<u>1:00 PM</u>
**CONT...**      **Arax Baghdassarians**                                                              **Chapter 11**

<u>expenditures, while creditors are unpaid</u>. Wife's proposed budget and actual expenditures are even greater than in Husband's case - as explained in the tentative ruling for 3/22/16, they are still living in a mansion and engaging in even higher expenditures without any stated justification. This is despite the role that these same problems had in persuading this Court to dismiss Husband's latest bankruptcy case.

There has been no attempt to address these issues. There is no analysis, for example, of whether Wife and Husband could pay more to unsecured creditor by renting out all or part of their mansion, or selling it and renting a cheaper house, or cutting back on some of their expenditures, or any other alternatives.

(2) <u>Motion for relief from automatic stay (dkt. 42)</u>
The tentative ruling is to grant this motion as provided below based the foregoing analysis and the entire record of the proceedings in Husband's more recent case and this current case by Wife.

*Proposed order:* Movant is directed to serve and lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this court's final ruling. *See* LBR 9021-1(b)(1)(B).

(a) <u>There will be no stay, due to dismissal</u>. *See* 11 USC 349(b)(3) & 362(c). Termination of the stay prospectively is also addressed below because in rare instances dismissals are vacated.

(b) <u>Termination</u>. Terminate the automatic stay under 11 U.S.C. 362(d)(1) and (d)(2).

(c) <u>Relief applicable to *future* bankruptcy cases ("in rem" relief)</u>.
If this order is duly recorded in compliance with any applicable State laws governing notices of interests or liens in the property at issue, then no automatic stay shall apply to such property in any bankruptcy case purporting to affect such property and filed within two years after the date of entry of this order, unless otherwise ordered by the court presiding over that bankruptcy case. For the avoidance of doubt, any acts by the movant to obtain exclusive possession of such property shall not be stayed.

Such relief is granted on the following alternative grounds: (a) under 11 U.S.C. 362(d)(4) if the movant is either (i) the holder of a deed of trust/mortgage secured by real property that is the subject of the motion or (ii) the purchaser of such property at a foreclosure sale (or a successor in

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

---

**Tuesday, April 12, 2016**  **Hearing Room  1545**

---

1:00 PM
**CONT...**  **Arax Baghdassarians**  **Chapter 11**

interest who stands in the shoes of such persons); (b) under the court's authority to grant appropriate relief under 11 U.S.C. 105(a) and 362(d) (regardless whether the movant is a "creditor" or whether real property or personal property is at issue); and (c) under the court's inherent authority combined with 11 U.S.C. 362(d) (same). *See generally In re Choong* (case no. 2:14-bk-28378-NB, docket no. 31) (distinguishing *In re Ellis*, 523 B.R. 673 (9th Cir. BAP 2014), and explaining alternative grounds for "in rem" relief).

(d) Effective date of relief. Grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).

If you do not appear, and the matter is not adequately resolved by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

**Tentative Ruling for 4/12/16:**
This court anticipates posting a tentative ruling at a later time.

**Revised Tentative Ruling for 3/22/16:**
Appearances required by counsel for the debtor and by the debtor(s) themselves.

(1) Current issues
    (a) Multiple bankruptcies. This is the fifth bankruptcy case (of which this Court is aware) filed by the debtor and her husband since 2012:

| Case number | Filed | Conclusion |
|---|---|---|
| 2:12-bk-48123-NB | 11/15/12 | 1/22/13 dismissed |
| 2:13-bk-11466-WB | 1/17/13 | 2/27/13 dismissed |
| 2:14-bk-23455-ER | 7/14/14 | 10/21/14 discharged |
| 2:15-bk-22765-NB | 8/13/15 | 2/25/16 dismissed w/ 180 day bar |
| 2:16-bk-12447-NB | 2/29/16 | -pending [this case]- |

(b) Unreliable information. In the most recent case filed by the debtor's husband, this Court repeatedly had to direct him to provide better information, and eventually was persuaded that his information could not be relied upon and that he was willfully failing to appear in proper prosecution of this case

---

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, April 12, 2016**                                                                 **Hearing Room    1545**

<u>1:00 PM</u>
**CONT...**        **Arax Baghdassarians**                                                              **Chapter 11**

(see 2:15-bk-22765-NB, dkt. 79).  Now the financial situation of the debtor in this case, including the household monthly income, is once again dependent on obtaining reliable information from the debtor.

To make matters worse, the debtor's bankruptcy Schedule I (dkt. 35 at PDF pp.20-21, line 8a) includes no information about the debtor's husband's income, except for a single entry asserting that he earns $6,000 per month from his business, ignoring the instructions to "[a]ttach a statement for each property and business <u>showing gross receipts, ordinary and necessary business expenses, and the total monthly net income</u>." (Emphasis added.) Moreover, this exact problem was one of the initial issues in the debtor's husband's case, and yet it is being repeated in this case.

How can any parties in interest, or this Court, rely on the financial and other information already provided or provided in future in this case?  How could any chapter 11 plan be confirmed, given this lack of reliable information, in view of the requirements for good faith (11 U.S.C. 1129(a)(3)), a reliable liquidation analysis (1129(a)(7)), a reliable feasibility analysis (1129(a)(11)), and, if cramdown is required, reliable evidence that the plan is fair and equitable (1129(b))?  Is there any feasible option except to convert or dismiss this bankruptcy case?

(c) <u>Debtor and her family living well, while creditors are unpaid</u>.  This Court expressed concerns in the debtor's husband's most recent case that he and his family are (i) living in a mansion at 4343 Vista Place, La Canada, CA 91011 (worth between $1.5 and $2.1 million, with either 3,669 square feet, 5 bedrooms and 4.5 baths (dkt. 20-5, PDF p. 4) or, according to SK Vision, LLC's appraiser, 4,042 square feet, 6 bedrooms, and 4.1 baths (dkt. 38-2, PDF p. 8)) and (ii) paying large monthly expenses, all at the expense of not paying their creditors.  If anything, those concerns appear to be worse in this case.

The debtor's budget (dkt. 19, bankr. Schedule J, line 4) proposes to pay the following monthly amounts to stay in the mansion:

|         |          |                                      |
|---------|----------|--------------------------------------|
| $ 2,875.01 | mortgage |                                      |
| $ 1,050 | real estate taxes |                          |
| $ 110   | insurance |                                      |
| $ 200   | home maintenance, repair, upkeep |       |
| $ 354   | electricity, heat, natural gas |         |
| <u>$ 300</u> | water, sewer, garbage collection |     |

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, April 12, 2016**                                                                              **Hearing Room   1545**

<u>1:00 PM</u>
**CONT...**       **Arax Baghdassarians**                                                                                    **Chapter 11**
              $ 4,889         total

    This is far above what would be permitted under the "means test" level of expenses that apply to most individual debtors before this Court (in chapter 13 cases), and that Judge Bason has ruled is a yardstick for permissible expenses in chapter 11 cases.  *See In re Concoff*, 2:13-bk-37328-NB, dkt. 246.  Under the means test level of expenses, a family of four in Los Angeles County could spend a maximum of $2,489 per month on mortgage/rent and an additional $644 on "non-mortgage" fees for a total of $3,133.  (*See* https://www.justice.gov/ust/eo/bapcpa/20150515/bci_data/housing_charts/irs_housing_charts_CA.htm)

    As for other expenses, this Court raised the same concerns in the debtor's husband's case.  The budget motion in that case proposed an "(already high) expenditure for telecommunications of $285 (*see* [2:15-bk-22765-NB] dkt. 13-1, p. 6)."  Rather than attempt to decrease this expenditure, the debtor's budget now proposes to pay $645 per month in telephone, internet, and cable charges (see dkt.19 at PDF p.6, bankr. Schedule J, line 6c).

    When compared with the debtor's husband's proposed budget (2:15-bk-22765-NB, dkt. 13), the debtor's payroll deductions have increased from $285 per month to $586 per month (dkt. 19, at PDF p.3, bankr. Schedule I, line 5a).  What has caused this increase?  Similarly, why are there purported increases in the costs of electricity, heat, and natural gas ($310 v. $354) and water/sewage/garbage collection ($134 v. $300)?  *See* dkt. 19, at PDF p.6 (bankr. Schedule J, lines 6a & 6b).

    All of the foregoing reinforce this Court's concerns about whether the financial and other information provided by the debtor's household can be reliable.  In addition, the debtor and her family appear to be spending too much on themselves and too little on paying their creditors.

    Put differently, how is it appropriate for the debtor and her family to continue living very well, in a mansion, at the expense of creditors?  This is an alternative reason why this Court questions whether to convert or dismiss this case.

    (d) <u>Budget motion (dkt. 19)</u>.  In addition to the foregoing concerns, does the debtor own cars outright?  Why are no car payments listed?  Are they part of the (undisclosed) business expenses of the debtor's husband?

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, April 12, 2016**                                                              **Hearing Room    1545**

<u>1:00 PM</u>
**CONT...**        **Arax Baghdassarians**                                                        **Chapter 11**

   (e) <u>Motions to value the debtor's residence (dkt. 20, 21) and opposition by SK Vision, LLC (dkt. 38)</u>.  The debtor has filed a substantially similar valuation motion, with the same possible deficiencies - primarily, that the debtor deducts $240,000 from what would otherwise be the appraised value of the home to fix problems identified in a report by a purported contractor (*see* dkt. 20-5, PDF p. 7), but the contractor appears to be unlicensed and appears to be the employer of the debtor's husband (see dkt. 38, opposition).  All of this raises concerns about the reliability of any adjustment to the appraisal.  As SK Vision points out, its lien on the debtor's principal residence cannot be avoided unless it is entirely "under water" and to establish that the debtor must persuade this Court to reject its $2.1 million valuation and instead find a value at or very close to the debtor's $1.5 million valuation with the full proposed $240,000 adjustment.
   This need for the debtor to "hit a home run," together with the expense of a valuation trial, also suggest that it may be in the best interests of creditors to convert or dismiss this case.

(2) <u>Deadlines/dates</u>.  This case was filed on 2/29/16.  If this case is not converted or dismissed, this Court will set the following deadlines:
   (a) <u>Bar date</u>:  5/2/16 (DO NOT SERVE notice yet - *<u>court will prepare an order after the status conference</u>*).
   (b) <u>Plan/Disclosure Statement</u>*: file by 5/16/16 using the forms required by Judge Bason (DO NOT SERVE yet, except on the U.S. Trustee - the court will set a deadline and procedures at a later time).
   Note: If the U.S. Trustee wishes to file initial comments on any draft Plan documents *before* the regular deadline, it should do so at least two weeks prior to the subsequent status conference (but, whether or not any comments are filed, all rights are reserved to object to the Disclosure Statement or Plan when deadline(s) for such objections are established).
   (c) <u>Continued status conference</u>:  5/3/16 at 1:00 p.m.  No written status report is required.
   *<u>Warning</u>: special procedures apply (*see* order setting initial status conference).

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, April 12, 2016                                                                     Hearing Room     1545

<u>1:00 PM</u>
**CONT...**      **Arax Baghdassarians**                                        **Chapter 11**

If you do not appear, and the matter is not adequately resolved by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

**Tentative Ruling for 3/22/16:**
This court anticipates posting a tentative ruling at a later time.

| Party Information |
|---|

**Debtor(s):**

    Arax Baghdassarians                                         Represented By
                                                                   Vakhe Khodzhayan